GUADALUPE, SABINA y FRANCISCO McCORMICK ANAYA, demandantes y apelantes, *v.* MARÍA McCORMICK VDA. DE SERRANO, ET ALS., demandados y apelados.

Núm. 7044. *Resuelto:* Abril 8, 1938.

*Luis Muñoz Morales* y *Gustavo Cruzado Silva,* abogados de las apelantes; *C. H. Juliá* y *H. Torres Solá,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Los apelantes en su moción de reconsideración sostienen: que tanto este tribunal como la corte de distrito se han apartado de la cuestión principal y se han entregado a una serie de argumentos y consideraciones ajenos a ella; que siendo los herederos forzosos del testador y habiendo sido preteridos en el testamento, la institución de otras personas era una nulidad, pero que este tribunal ha confirmado la decisión de la corte de distrito resolviendo que cuando los herederos preteridos y los herederos instituídos o los albaceas han celebrado una transacción sobre la cuantía de la herencia, la institución de herederos no puede ser anulada; que como re-

sultado de ello un contrato de transacción enteramente válido sobre la mayor o menor suma de dinero o bienes que constituyen la herencia conlleva la transacción del estado civil de los demandantes como herederos forzosos; que la acción principal ejercitada versaba sobre la nulidad de la institución de herederos y no era una para recobrar ni para liquidar la herencia; que según la opinión de esta corte, así como según la decisión de la corte de distrito, la supuesta transacción sobre la herencia y sobre la cuantía de dinero envuelta, incluía la renuncia y extinción del estado civil de los demandantes como herederos; que la sentencia de la corte de distrito deja subsistentes dos grupos de herederos con distintos títulos hereditarios; que el contrato de transacción podría oponérseles cuando los demandantes pidieran la liquidación y entrega del caudal hereditario y entonces sería la oportunidad para discutir y resolver si tal renuncia les cierra completamente el camino para una nueva liquidación del caudal hereditario; pero que el contrato de transacción no puede oponérseles como defensa en el presente recurso para anular la institución de herederos sin perjuicio de los derechos de los demandados bajo aquel contrato.

Al comenzar el juicio los demandantes leyeron una moción para eliminar cierto particular o particulares de la contestación enmendada. La corte se reservó su resolución. La moción no está ante nos.

El juez de distrito en su relación del caso y opinión dijo que los demandantes habían atacado la defensa de *estoppel* basados en que la misma era prematura—en cuanto ellos sólo ejercitaban una acción de nulidad del testamento y, aunque solicitaban en su consecuencia que se dictara sentencia al efecto de que a ellos correspondía la totalidad de la herencia y que la misma debía dejarse a su disposición, esto no equivalía a una acción sobre liquidación o entrega de bienes. Al resolver esta contención el juez de distrito dijo:

"(*a*) En oposición a este argumento de los demandantes, diremos que si ellos no tienen interés alguno en la herencia de Harry A.

McCormick en virtud de la transacción celebrada y de que antes se ha hecho mérito, no vemos qué interés pueden tener ni con qué personalidad pueden establecer una acción para impugnar un testamento del cual ningún beneficio podría derivarse para ellos. Estarían en el mismo caso que cualquier persona extraña al testador para impugnar el testamento.

"(b) La mejor contestación que puede darse a este argumento es recordar a los demandantes el pronunciamiento que bajo la letra 'D' de la súplica de la demanda se solicita en este caso. El párrafo 'D' de la súplica de la demanda dice así:

"'Condenar a los demandados a que dejen libres y a disposición de los demandantes los inmuebles y derechos reales que se han descrito en esta demanda, y todos los demás bienes y valores de cualquier clase que constituyen la herencia del causante.'

"Si la corte declarase con lugar la demanda y en su consecuencia dictase el pronunciamiento que bajo la letra 'D' de la súplica solicitan los demandantes, ¿en qué momento habrían de oponer los demandados la defensa que ahora establecen, después de dictada una sentencia firme ordenando a los demandados a entregar a los demandantes todos los bienes constitutivos de la herencia."

Como primera causa de acción los demandantes alegaron sustancialmente: que el testamento contenía ciertos legados y ciertas cláusulas relativas a la institución de herederos; que el testador no mencionó a los demandantes; que los demandantes habían sido declarados hijos naturales reconocidos del testador con derecho a llevar su apellido y a percibir la herencia que les corresponde; que dichos demandantes, en su carácter de hijos naturales reconocidos, son herederos forzosos; que habiendo sido preteridos los demandantes, la institución de herederos era nula; que ninguna de las personas instituídas en el testamento era heredero forzoso; que los bienes descritos en la demanda constituyen la herencia.

Como segunda causa de acción los demandantes alegaron además: que al tiempo de su muerte Harry McCormick estaba casado; que no hubo hijos de este matrimonio; que Harry McCormick no tiene otros ascendientes o descendientes que los demandantes; que al declararse la nulidad del testamento queda abierta la sucesión intestada y en este caso los deman-

dantes eran los únicos descendientes y herederos forzosos ab intestato.

Se solicita se dicte una sentencia conteniendo los siguientes pronunciamientos:

"(a) Que por consecuencia de la preterición de los demandantes es nula la institución de herederos contenida en el testamento abierto otorgado por el causante Harry A. McCormick y Hartman en 12 de abril de 1927 ante el Notario Juan Valldejuli, a favor de los herederos voluntarios demandados; disponiéndose, no obstante, que queden subsistentes los legados que dicho testamento dispone en cuanto no resulte inoficioso.

"(b) Que en su consecuencia el causante Harry A. McCormick falleció intestado y deben adjudicarse los bienes de su herencia según las reglas de la sucesión legítima, exceptuándose los legados en la parte que no sean inoficiosos.

"(c) Que los demandantes Guadalupe, Sabina y Francisco Mc-Cormick Anaya son los únicos herederos universales ab intestato por la totalidad de los bienes de la herencia de su finado padre natural Harry A. McCormick y Hartman, salvo la parte que en usufructo corresponde al cónyuge viudo y los legados dispuestos, en cuanto no resulten inoficiosos.

"(d) Condenar a los demandados a que dejen libres y a disposición de los demandantes los inmuebles y derechos reales que se han descrito en esta demanda y todos los demás bienes y valores de cualquier clase que sean que constituyen la herencia del causante.

"(e) Condenar a dichos demandados al pago de las costas, gastos y honorarios de abogado en este pleito."

El objeto principal de la demanda fué establecer el título de los demandantes a los bienes que de otro modo irían bajo el testamento a los herederos testamentarios. Los demandantes aparentemente se fundaban en la nulidad del testamento para lograr este fin. El alegato original de los apelantes, tomado en su totalidad, no milita contra este criterio, sino que más bien tiende a fortalecerlo. Fuera de las reclamaciones en conflicto en torno a los bienes descritos en el inventario aducido como parte de la primera causa de acción, ni de la demanda ni del alegato original de los apelantes se desprende

ningún interés pecuniario en la cuestión relativa al estado civil de los demandantes como herederos forzosos.

En un alegato adicional presentado en apoyo de la moción para reconsiderar, los apelantes preguntan quiénes representarían a su finado padre en caso de que surgieran litigios sobre sus derechos u obligaciones. No parece haberse llamado la atención del juez de distrito hacia la posibilidad de tales litigios, y ni los hechos alegados en la demanda ni la cuestión levantada por los demandantes en su moción para eliminar ciertos particulares de la contestación exigían del juez de distrito que especulara sobre la posibilidad de semejantes litigios.

Sin embargo, en su opinión anterior esta corte no tuvo por objeto poner en tela de juicio el derecho de los demandantes a representar a su finado padre en cualquiera o cualesquiera cuestiones que no estuvieran envueltas en el contrato de transacción. En el caso de Santiago este tribunal admitió la posibilidad de que surjan dificultades al hacer una distinción entre el estado civil de un hijo reconocido y ''las consecuencias económicas o sobre el interés pecuniario que surgen o nacen del estado civil reclamado, como, por ejemplo, sobre los derechos que pudieran tener en la sucesión de su padre.'' Ni en el caso de Santiago ni en la opinión anterior emitida en el presente se trató de resolver estas dificultades. Las cuestiones aquí envueltas podrán ser consideradas y discutidas más inteligentemente a medida que surjan en cada caso específico.

Admitamos que la supuesta institución de herederos era —o hubiera sido a no ser por el contrato de transacción— nula de toda nulidad. Los herederos forzosos, al celebrar el contrato de transacción con los herederos instituídos, lograron al así hacerlo—en tanto en cuanto se refería a las consecuencias económicas de su estado civil—lo que el testador había dejado de lograr. Para los fines de este caso podría admitirse que si los demandantes hubieran hecho constar claramente ante el juez de distrito que tan sólo deseaban establecer el derecho que tenían a representar a su finado padre en cuestiones que no estaban relacionadas con las consecuen-

cias económicas de su estado civil como herederos forzosos, ellos hubieran tenido derecho a una sentencia a ese efecto. Quizá—por paradójico que parezca—ellos pudieron haber obtenido una declaración específica al efecto de que la institución de herederos era—excepto en lo que se refería a los derechos de propiedad de los demandados bajo el contrato de transacción—enteramente nula. De la corte de distrito no se solicitó tal sentencia y a este tribunal tampoco se le pidió que modificara la dictada por aquella corte. En vista de esto y del hecho de que el "mandato" de esta corte, al vencer el término acostumbrado de diez días contados a partir de la fecha en que se dictó la sentencia, fué remitido a la corte de distrito antes de radicarse la moción para reconsiderar, no proseguiremos nuestra investigación sobre este aspecto del caso.

*Debe declararse sin lugar la moción para reconsiderar.*